# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GAMBOA,<br><br>    Petitioner,<br><br>    v.<br><br>DEPARTMENT OF HUMAN SERVICES CHILD SERVICES,<br><br>    Respondent. | Case No. 1:23-cv-01647-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

**I.**

**BACKGROUND**

Petitioner is currently confined at the Lerdo Pre-Trial Facility in Bakersfield, California,. (ECF No. 1 at 1.)[1] On November 27, 2023, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1.) Petitioner lists the Kern County Superior Court as the "court which entered the judgment of conviction under attack," and the date of the alleged judgment of conviction is June 8, 2023. (Id. at 1.) Petitioner states that the length of sentence is "POSSIBLE TERMINATION OF PARENTAL RIGHTS." (Id.) The petition states that Petitioner appealed to the "SECOND DISTRICT COURT OF APPEAL RONALD REAGAN STATE," and lists the date of result as October 20, 2023. (Id. at 2.) Petitioner leaves blank the section regarding whether he "sought further review of the decision on appeal by a higher state court." (ECF No. 1

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

at 2.) The petition also states that Petitioner previously filed a petition, application, or motion with respect to the challenged judgment in "CHILD DEPENDENCY COURT MONTERREY PARK," and was denied relief on August 22, 2022. (Id. at 2–3.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A.  Cognizability in Federal Habeas Corpus**

"Section 2241 establishes the general authority of the federal courts to issue habeas relief," Dominguez v. Kernan, 906 F.3d 1127, 1134 (9th Cir. 2018), and provides that habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Section 2254 provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Section 2254(a)'s language permitting a habeas petition to be entertained "only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the United States,*" (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

It is unclear, but Petitioner appears to challenge both his Kern County Superior Court criminal proceedings and an adverse determination made by a juvenile dependency court in Monterey Park, California regarding Petitioner's parental rights.[3] Any claim regarding a juvenile

---

[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[3] This conclusion is supported by the fact that: (1) the petition states that Petitioner previously filed for relief in "CHILD DEPENDENCY COURT MONTERREY PARK"; (2) the petition states that Petitioner appealed to the "SECOND DISTRICT COURT OF APPEAL," which has appellate jurisdiction over the Los Angeles County

dependency court determination regarding parental rights does not challenge the unlawful nature of Petitioner's custody. Accordingly, Petitioner must inform the Court whether Petitioner is challenging his Kern County Superior criminal proceedings and/or a juvenile dependency court determination. Petitioner also will be required to show cause why the Court has habeas jurisdiction over his challenge to any adverse determination made by a juvenile dependency court.

### B. Younger Abstention

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008).

The Ninth Circuit has held that the "logical implication" of Younger "is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980)). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown, 676 F.3d at 903 (internal quotation marks omitted) (quoting Carden, 626 F.2d at 84).

---

Superior Court and Monterey Park, California is located in Los Angeles County; (3) Petitioner lists his sentence as "POSSIBLE TERMINATION OF PARENTAL RIGHTS" and "POSSIBLE LOSS OF PARENTAL RIGHTS/PERMANENT LOSS OF PARENTAL RIGHTS"; and (4) Petitioner names the Department of Human Services Child Services as Respondent. (ECF No. 1 at 1–2, 6.)

Here, it is unclear from the face of the petition whether Petitioner's Kern County Superior Court criminal proceeding is ongoing. Accordingly, Petitioner must inform the Court whether Petitioner's criminal proceeding is ongoing, and if so, whether extraordinary circumstances make Younger abstention inappropriate.

### C. Exhaustion

Habeas petitions are subject to an exhaustion requirement—either a judicially-created prudential one under 28 U.S.C. § 2241, Dominguez, 906 F.3d at 1135 n.9, or a statutory one under 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Thus, Petitioner must inform the Court whether each of his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

### III.
### ORDER

Based on the foregoing, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed based on Younger v. Harris, 401 U.S. 37 (1971), failure to exhaust state judicial remedies, and failure to state a cognizable federal habeas corpus claim.

///
///
///
///

1   Petitioner is forewarned that failure to follow this order will result in a recommendation
2  for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's
3  failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **December 11, 2023**

UNITED STATES MAGISTRATE JUDGE