# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GAMBOA,<br><br>  Petitioner,<br><br>  v.<br><br>DEPARTMENT OF HUMAN SERVICES CHILD SERVICES,<br><br>  Respondent. | Case No. 1:23-cv-01647-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

## I.

## BACKGROUND

Petitioner is currently confined at the Lerdo Pre-Trial Facility in Bakersfield, California,. (ECF No. 1 at 1.[1]) On November 27, 2023, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1.) Petitioner lists the Kern County Superior Court as the "court which entered the judgment of conviction under attack," and the date of the alleged judgment of conviction is June 8, 2023. (Id. at 1.) Petitioner states that the length of sentence is "POSSIBLE TERMINATION OF PARENTAL RIGHTS." (Id.) The petition states that Petitioner appealed to the "SECOND DISTRICT COURT OF APPEAL RONALD REAGAN STATE," and lists the date of result as October 20, 2023. (Id. at 2.) Petitioner leaves blank the section regarding whether he "sought further review of the decision on appeal by a higher state court." (Id. at 2.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

The petition also states that Petitioner previously filed a petition, application, or motion with respect to the challenged judgment in "CHILD DEPENDENCY COURT MONTERREY PARK," and was denied relief on August 22, 2022. (ECF No. 1 at 2–3.)

On December 12, 2023,[2] the Court ordered Petitioner to show cause why the petition should not be dismissed based on Younger v. Harris, 401 U.S. 37 (1971), failure to exhaust state judicial remedies, and failure to state a cognizable federal habeas corpus claim. (ECF No. 5.) To date, no response to the order to show cause has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[3] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Cognizability in Federal Habeas Corpus**

"Section 2241 establishes the general authority of the federal courts to issue habeas relief," Dominguez v. Kernan, 906 F.3d 1127, 1134 (9th Cir. 2018), and provides that habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Section 2254 provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Section 2254(a)'s language permitting a habeas petition to be entertained "only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the United States*," (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

---

[2] The order was signed on December 11, 2023, but not docketed until December 12, 2023.

[3] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is unclear, but Petitioner appears to challenge both his Kern County Superior Court criminal proceedings and an adverse determination made by a juvenile dependency court in Monterey Park, California regarding Petitioner's parental rights.[4] Any claim regarding a juvenile dependency court determination regarding parental rights does not challenge the unlawful nature of Petitioner's custody. Accordingly, to the extent the petition challenges any adverse determination made by a juvenile dependency court, such a claim is not cognizable in federal habeas corpus and should be dismissed.

### B.  Failure to Prosecute and Obey Court Orders

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think

---

[4] This conclusion is supported by the fact that: (1) the petition states that Petitioner previously filed for relief in "CHILD DEPENDENCY COURT MONTERREY PARK"; (2) the petition states that Petitioner appealed to the "SECOND DISTRICT COURT OF APPEAL," which has appellate jurisdiction over the Los Angeles County Superior Court, and Monterey Park, California is located in Los Angeles County; (3) Petitioner lists his sentence as "POSSIBLE TERMINATION OF PARENTAL RIGHTS" and "POSSIBLE LOSS OF PARENTAL RIGHTS/PERMANENT LOSS OF PARENTAL RIGHTS"; and (4) Petitioner names the Department of Human Services Child Services as Respondent. (ECF No. 1 at 1–2, 6.)

about what to do.'" PPA Prods. Liab. Litig., 460 F.3d at 1226 (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

Here, Petitioner has failed to comply with the Court's order to show cause. The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because the Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal. Finally, as the Court's order to show cause had informed Petitioner that failure to comply with the order would result in dismissal of the petition, the Court finds that there are no feasible less drastic alternatives. See PPA Prods. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Therefore, dismissal is appropriate.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

§ 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2024**

UNITED STATES MAGISTRATE JUDGE