UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GAMBOA,<br><br>        Petitioner,<br><br>    v.<br><br>DEPARTMENT OF HUMAN SERVICES CHILD SERVICES,<br><br>        Respondent. | No. 1:23-cv-01647-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Doc. 7 |

      David Gamboa ("Petitioner"), who is currently confined at the Lerdo Pre-Trial Facility, is proceeding pro se with a petition for writ of habeas corpus. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On March 11, 2024,[1] the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed without prejudice. Doc. 7. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. *Id.* at 4. To date, no objections have been filed, and the time for doing so has passed.

---

[1] The findings and recommendations were signed on March 8, 2024, but not docketed until March 11, 2024.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. As the magistrate judge noted, petitioner failed to respond to the magistrate judge's order to show cause filed December 12, 2023 (Doc. 5). In his federal petition, petitioner did not state whether he had first exhausted his claims in a state habeas proceeding, as a federal habeas petitioner is required to do. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Moreover, it is not clear from the face of the petition whether petitioner could state a cognizable federal habeas claim, and the magistrate judge was correct to insist on such a showing. Petitioner failed to file a response to the order to show cause, and the findings and recommendations correctly find that petitioner has failed to prosecute this action and that dismissal is warranted.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 11, 2024, Doc. 7, are adopted in full;
2. The petition for writ of habeas corpus is dismissed without prejudice;
3. The Clerk of Court is directed to close the case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: July 15, 2024

UNITED STATES DISTRICT JUDGE

3